IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSEPH PLATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-2279-STA-dkv |
| | ) |
| GAMEDAY HEALTHY KIDS | ) |
| FOUNDATION, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING ALL PENDING MOTIONS AS MOOT DUE TO SETTLEMENT**

Before the Court is Defendant Gameday Healthy Kids Foundation, Inc.'s Motion for Summary Judgment (ECF No. 28) filed on April 15, 2016. On May 11, 2016, the parties filed a notice of settlement (ECF No. 32) and stipulation of dismissal (ECF No. 33). Rule 41(a)(1)(A) of the Federal Rules of allows the parties to an action to stipulate to the dismissal of the case without a court order.[1] A "properly stipulated voluntary dismissal by plaintiff pursuant to rule is self-executing and does not require judicial approval."[2] In light of these filings, the pending Motion for Summary Judgment is **DENIED** as moot.

This leaves only the issues raised in a show cause order entered by the Court on April 4, 2016. The Court ordered counsel for both parties to show cause as to why the Court should not hold them in contempt for their failure to comply with previous orders of the Court. Each side has filed a response to the show cause order, and the Court has set a show cause hearing for

---

[1] Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.").

[2] *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (citations omitted).

1

Friday, May 13, 2016.  Typically, stipulation of dismissal would result in the entry of judgment without the need for further proceedings.  However, a stipulation of dismissal does not deprive a court of jurisdiction to decide collateral matters, even though the case is in a technical sense no longer pending before the court.[3]  While the parties' stipulation of dismissal operates to bring their legal dispute to a conclusion, the stipulation of dismissal does not affect the issues addressed in the Court's show cause order.  Therefore, the show cause hearing will proceed as planned.  The parties are directed to file a copy of their executed settlement agreement with the Court for in camera review prior to the show cause hearing.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 12, 2016

---

[3] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006).